CATHERINE A. NALTSAS, ESQ. (SBN 262259)
cnaltsas@lynberg.com
TAMARA M. HEATHCOTE, ESQ. (SBN 193312)
theathcote@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1150 S. Olive Street, 18th Floor
Los Angeles, CA 90015
Telephone: (213) 624-8700
Facsimile: (213) 892-2763

Attorneys for Defendant RISEWELL LLC dba RISEWELL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALANA WATKINS, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RISEWELL LLC d/b/a RISEWELL,<br><br>Defendant. | CASE NO: 5:24-CV-07455-NW<br><br>*[Assigned for All Purposes to: Noël Wise — Courtroom 3]*<br><br>**RENEWED NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>**F.R.C.P. 54**<br><br>**DATE: April 29, 2026**<br>**TIME: 9:00 a.m.**<br>**CTRM: 3**<br><br>*Complaint Filed: 10/25/2024*<br>*FAC Filed: 07/23/2025*<br>*Trial Date: Not Set* |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on April 29, 2026, at 9:00 a.m., at San Jose Courthouse, Courtroom 3 - 5th Floor, located at 280 South 1st Street, San Jose, CA 95113, Defendant RiseWell LLC dba RiseWell ("RiseWell") will move this Court for an order awarding attorney's fees and costs to RiseWell as sanctions for Plaintiff's counsel, or, alternatively, costs as the prevailing party.

The motion is based on Federal Rule of Civil Procedure 11, on the grounds that Bursor & Fisher ("B&F"), counsel for Plaintiff, was wanton and vexatious and failed to conduct a reasonable inquiry into the factual and legal basis for Plaintiff's claim against RiseWell even after this Court warned B&F after dismissing Plaintiff's Original Complaint with leave to amend about whether they had a reasonable and good faith belief in pleading fraud and whether it could clearly plead the components for breach of express warranty. B&F on behalf of Plaintiff entirely failed to conduct a reasonable inquiry into the appliable standard for cosmetic toothpaste and repeatedly misdirected this Court toward a drinking water standard which is not even enforceable until 2029, and no article cited by B&F in the pleadings stated that it applied to cosmetic toothpaste.

Further, B&F repeatedly claimed that RiseWell knowingly misled consumers but failed to allege a single fact about RiseWell's purported knowledge when it made its supposed misrepresentations. The Court explicitly warned B&F that it did not believe that the underlying facts supported B&F's fraud claims. Notwithstanding the Court's express direction, B&F maintained its allegations regarding RiseWell's supposed knowledge. (*See* FAC ¶ 44 and ¶ 47.)

Finally, B&F continued to peddle debunked testing results as accurate detections for PFAS, despite having actual knowledge that the testing results were withdrawn as inaccurate by the testing facility and revised as "Non-Detections".

Defendant filed a Motion for Attorney's fees [Dkt. 43] on August 28, 2025. That Motion was denied on procedural grounds [Dkt. 55]. Those procedural grounds have been remedied. The parties met and conferred on December 3, 2025 (Exhibit A to the Declaration of Catherine Naltsas). During that meet and confer session, B&F made it clear that its position is that this Court erroneously ruled in the Order on Defendant's Motion to Dismiss, [Dkt. 34] and the Order Denying Defendant's Motion for Attorney's Fees [Dkt. 55].

In the Court's Order Denying Defendant's Motion for Attorney's Fees [Dkt.55], "The Court urge[d] the parties to avoid additional protracted litigation and seek to reach a resolution". The Court stated, "Given the record, the Court finds it likely that Plaintiff bears significant risks of being responsible for costs attorney's fees for Defendant's labor since at least June 25, 2025, if not earlier,." However, B&F offered Defendant far less than the Court indicated it was inclined to award in its Order [Dkt. 55], clearly not intending to reach a resolution on the matter. As a result, no compromise was reached.

Defendant seeks an Order for Monetary Sanctions in the amount of $147,679.50 as sanctions for the attorney's fees and costs associated for defending this action including filing multiple motions to dismiss this frivolous action.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, and supporting Declaration and exhibits thereto, the argument of the parties, and any other evidence presented to this Court in this matter.

DATED: December 9, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Catherine A. Naltsas*
**CATHERINE A. NALTSAS**
**TAMARA M. HEATHCOTE**
Attorneys for Defendant RISEWELL LLC d/b/a RISEWELL

# TABLE OF CONTENTS


I. INTRODUCTION AND STATEMENT OF FACTS ........................7
II. APPLICABLE LAW ........................................................11
A. The Court has the Inherent Powers to Impose Attorney's Fees as a Sanction for Bad Faith Conduct ..............................................11
B. The Court May Grant Attorney's Fees Under Federal Rule of Civil Procedure 11 ............................................................12
III. B&F VEXATIOUSLY AND WANTONLY CONTINUED THIS LITIGATION WITHOUT A FACTUAL OR LEGAL BASIS ............13
IV. CONCLUSION ..............................................................14

# TABLE OF AUTHORITIES

Page(s)

Cases

Bell v. School Bd. of Powhatan County,
321 F.2d 494 (CA4 1963) .......... 11

Chambers v. NASCO, Inc.,
501 U.S. 32 (1991) .......... 11, 13

Estate of Blue v. County of L.A.,
120 F.3d 982 (9th Cir. 1997) .......... 12

Fleischmann Distilling Corp. v. Maier Brewing Co.,
386 U.S. 714 (1967) .......... 11

Fox v. Vice,
563 U.S. 826, (2011) .......... 12

Goodyear Tire & Rubber Co. v. Haegar,
137 S.Ct. 1178 (2017) .......... 12

Hall v. Cole,
412 U.S. 1 (“Hall”) .......... 11, 12, 16

Lu v. United States,
921 F.3d 850 (9th Cir. 2019) .......... 12

Mills v. Electric Auto-Lite Co.,
396 U.S. 375, (1970) .......... 11

Newman v. piggie Park Enterprises, Inc.,
390 U.S. 400, (1968) .......... 11

Newton v. Thomason,
22 F.3d 1455 (9th Cir. 1994) .......... 12

Rolax v. Atlantic Coast Line R. Co.,
186 F.2d 473 (CA4 1951) .......... 11

Schutts v. Bently Nevada Corp.,
966 F. Supp. 1549 (D. Nev. 1997) .......... 13

Sprague v. Ticonic National Bank,
307 U.S. 161, (1939) .......... 11

Vaughan v. Atkinson,
369 U.S. 527, (1962) .......... 11

Rules

F.R.C.P. 11 .......... passim

F.R.C.P. 41 .......... 10
F.R.C.P. 54 .......... 1,10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

In short, B&F has dragged RiseWell through baseless and protracted litigation. B&F failed to conduct a reasonable investigation into the law and facts supporting their lawsuit as required by Rule 11 of the Federal Rules of Civil Procedure, prior to engaging in this frivolous and wholly unsupported brand assassination. B&F vexatiously and wantonly continued to file Complaint after factually unsupported Complaint, each completely unsupported by facts and law. A summary follows.

On June 11, 2024, Plaintiff filed its first Complaint on behalf of Plaintiff Alana Watkins against RiseWell, Case No. CASE NO: 5:24-cv-03529-PCP. [Dkt 11-1]. B&F refused to obtain and/or produce the complete Level 4 Data Package for that test result which would establish that B&F's testing was ***likely a false positive.*** B&F ignored numerous other testing results obtained by RiseWell that RiseWell produced to B&F and ignored scientific expert opinions on B&F's suspect test result and limited data package. B&F indicated it had **<u>no interest</u>** in evaluating the truth in their testing, instead thinking the best avenue would be **<u>through expensive litigation</u>**. [Dkt. 43 - 6]. B&F filed its initial lawsuit knowing that the entirety of Plaintiff's claim against RiseWell relied solely on B&F's single test and Level 2 Data Package. Despite knowing this, B&F refused to obtain or consider the complete Level 4 Data Package which experts reasonably believe would exonerate RiseWell and establish Plaintiff's test was a false positive. Faced with the serious flaws in their single test, B&F dismissed their first Complaint under Case No. CASE NO: 5:24-cv-03529-PCP. [Dkt. 11-2.]

On October 25, 2024, B&F filed its second Complaint against RiseWell on behalf of Plaintiff in this Court. [Dkt. 1]. This action was, in part, based on the same flawed testing that was the subject of Case No. CASE NO: 5:24-cv-03529-PCP. In addition, B&F re-tested the same lots and obtained "additional" test results which were facially inconsistent with their prior test results for the same lots. B&F moved

forward relying on its own inconsistent data.

RiseWell moved to dismiss B&F's second bite at the apple. The basis for the Motion to Dismiss was that B&F baselessly and erroneously accused RiseWell of **deliberately misleading the public** regarding its tube toothpaste products. B&F had **zero factual basis** for these atrocious and serious allegations against RiseWell. This Court correctly saw through B&F's factually unsupported allegations. On June 25, 2025, this Court heard Defendant's Motion to Dismiss and granted the Motion with leave to amend the Complaint, with a warning that any allegations about RiseWell's knowledge must be supported by facts pursuant to FRCP 11. [Dkt. 34.]

Despite this Court allowing B&F the opportunity to amend their Complaint, B&F took this opportunity to file a First Amended Complaint and directed this Court to apply a law that is not even enforceable until 2029 and does not apply to Defendant's product! [Dkt. 38.] Relying solely on a drinking water and food goals set in place by the Biden Administration to be reached by 2029, B&F asked this Court to allow the First Amended Complaint to proceed against RiseWell, and asked this Court to condemn RiseWell for not complying with the 2029 drinking water standard. Either B&F failed to conduct a reasonable inquiry and do actual research into the articles they cited in support of the First Amended Complaint (in violation of FRCP 11), or even worse, deliberately misstated the applicable law. B&F entirely failed to even mention the appliable regulatory standard for cosmetics in the slew of articles and authorities cited in support of Plaintiff's First Amended Complaint.

Further, B&F cited in the body of the First Amended Complaint testing results that were **withdrawn** by the testing facility itself on June 6, 2025. [Dkt. 43-3.] By deposition, and then by letter dated June 6, 2025, Eurofins—withdrew the testing of Job No. 410-161174-9 and 410-161174-10 (the testing of lot 3E347A paste and tubing) as inaccurate. This letter was sent to B&F on June 6, 2025. [Dkt. 43-2 and 43-3].

Shockingly, B&F still actually used those withdrawn tests as a basis for the

First Amended Complaint when granted leave to amend by this Court. [Dkt. 35.] The First Amended Complaint. It stated:

> "5. Alarmingly, three tests of three different lots of Defendant's Product conducted at a Department of Defense ELAP-certified laboratory, found PFAS chemicals present in the Product. The first lot tested contained **188.27 parts per billion of PFAS chemicals**. The second lot tested contained 319.1 parts per billion of PFAS chemicals. The third lot tested contained 970 parts per trillion of PFAS chemicals." (FAC. Para. 5.)
>
> Also:
>
> "23. As noted in paragraph 5, *supra*, testing of three lots of Defendant's Product found **188.27 parts per billion of PFAS chemicals**, 319.1 parts per billion of PFAS chemicals, and 970 parts per trillion of PFAS chemicals respectively, indicating a high likelihood that toxic PFAS chemicals are present (or risk being present) throughout Defendant's purportedly toxin-free Product.
>
> 24. These results are contrary to the warranties and representations made throughout Defendant's marketing. Defendant's material omissions therefore harmed Plaintiff. (FAC. Paras. 23 and 24.)"

However, as set forth in Defendant's Motion to Dismiss, B&F *knew* that as of June 6, 2025, parts of the 188.27 ppb testing results that resulted in 188.27 ppb were **withdrawn** by the testing facility itself. Had B&F actually checked their data prior to filing the First Amended Complaint, they would not have regurgitated the same quantity as referenced in the cut-and-pasted paragraphs from the original Complaint.

B&F was undeterred by the law, or by testimony and correspondence from its own testing facility, still filed another Amended Complaint against RiseWell. [Dkt.35.]

RiseWell was then forced to file yet, another Motion to Dismiss [Dkt. 37.] and Request for Judicial Notice [Dkt. 38.] which highlighted the fact that B&F continued to point this Court to erroneous and inapplicable law. In addition, Defendant sent B&F

a letter outlining the above, after which B&F voluntarily withdrew the First Amended Complaint without prejudice. [Dkt. 39.] Defendant objected under FRCP 41 [Dkt. 40.] This Court agreed and directed the dismissal be *with prejudice*. [Dkt. 41.] Eventually, the claim was dismissed *with prejudice.* [Dkt. 42.]

Federal Rule of Civil Procedure Rule 11 grants this Court the power to ensure integrity in the legal process. Federal Rule of Civil Procedure 54 provides that (1) costs should be allowed to the prevailing party; and (2) A claim for attorney's fees and related nontaxable expenses may be made by motion.

RiseWell's continued defense of these unsupported causes of action were needless and recklessly continued, in violation of any applicable law and unsupported by the law cited by B&F in each and every pleading. The continued litigation unwarrantedly tarnished RiseWell's reputation.

RiseWell implores this Court to award RiseWell attorney's fees and costs as sanctions against B&F in the amount of $147,679.50 in its defense of this frivolous action, and its costs as the prevailing party.

## II. APPLICABLE LAW

Defendant brings this motion pursuant to the Court's inherent powers, and under Federal Rule of Procedure 11.

### A. <u>The Court has the Inherent Powers to Impose Attorney's Fees and Costs as a Sanction for Bad Faith Conduct</u>.

The Supreme Court has recognized that federal courts possess inherent authority to sanction bad faith conduct, including awarding attorney fees to the opposing party. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43-46 (1991). "Although the traditional American rule ordinarily disfavors the allowance of attorneys' fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require. Indeed, the power to award such fees 'is part of the original authority of the chancellor to do equity in a particular situation,'" <u>Hall v. Cole</u>, 412 U.S. 1, 4–5 ("Hall") (1973) citing <u>Sprague v. Ticonic National Bank</u>, 307 U.S. 161, 166, (1939),

"and federal courts do not hesitate to exercise this inherent equitable power whenever 'overriding considerations indicate the need for such a recovery.'" Id. citing Mills v. Electric Auto-Lite Co., 396 U.S. 375, 391—392, (1970); see Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718 (1967).

"Thus, it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' Hall at 4-5 referencing 6 J. Moore, Federal Practice 54.77(2), p. 1709 (2d ed. 1972); see, e.g., Newman v. piggie Park Enterprises, Inc., 390 U.S. 400, 402 n. 4, (1968); Vaughan v. Atkinson, 369 U.S. 527, (1962); Bell v. School Bd. of Powhatan County, 321 F.2d 494 (CA4 1963); Rolax v. Atlantic Coast Line R. Co., 186 F.2d 473 (CA4 1951). "In this class of cases, the underlying rationale of 'fee shifting' is, of course, punitive, and the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the unsuccessful litigant." Hall at 5.

Goodyear Tire & Rubber Co. v. Haegar, 137 S.Ct. 1178 (2017) framed a causal link "but-for test" a party "may recover 'only the portion of his fees that he would not have paid but for' the misconduct." Id. at 1187 (quoting Fox v. Vice, 563 U.S. 826, 836, (2011)). If an expense would have been incurred even absent any bad faith conduct, it cannot be part of a bad faith fee award. Id. A court may not shift fees if "the same work would have been done (for example, the same deposition taken) to contest the *non*-frivolous claims in the suit." Id. In other words, a district court making a bad faith fee award must determine "whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct." Id. Thus, a court must generally engage in "the grind of segregating individual expense items (a deposition here, a motion there)" or "categories of such items (again, like expert discovery)" in order to determine which fees "would not have been incurred except for the misconduct." Id. at 1188.

Lu v. United States, 921 F.3d 850, 860 (9th Cir. 2019) reaffirmed that the Ninth Circuit recognizes the inherent power of the Court to impose attorney fees for bad faith conduct.

**B. The Court May Grant Attorney's Fees and Costs Under Federal Rule of Civil Procedure 11.**

Plaintiff's counsel's conduct is so egregious that this Court need not go any further than the case law cited in the preceding section. However, a court may also grant attorney's fees pursuant to Federal Rule of Civil Procedure 11. Rule 11 is intended to deter baseless filings." Newton v. Thomason, 22 F.3d 1455, 1463 (9th Cir. 1994). The rule justifies sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. County of L.A., 120 F.3d 982, 985 (9th Cir. 1997). A court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991). The issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." Schutts v. Bently Nevada Corp., 966 F. Supp. 1549, 1562 (D. Nev. 1997) (citation omitted).

## III. B&F VEXATIOUSLY AND WANTONLY CONTINUED THIS LITIGATION WITHOUT A FACTUAL OR LEGAL BASIS

B&F's numerous references regarding the safety of RiseWell's product is not supported by any legal basis.

On October 25, 2024, B&F filed its Complaint against RiseWell on behalf of Plaintiff in this Court. [Dkt. 1]. This action was, in part, based on the same flawed testing that was the subject of Case No. CASE NO: 5:24-cv-03529-PCP, which was voluntarily dismissed. This Court granted RiseWell's motion to dismiss with leave to amend because B&F baselessly and erroneously accused RiseWell of deliberately misleading the public regarding its tube toothpaste products. [Dkt. 37] B&F took this

opportunity to file this First Amended Complaint and directed this Court to apply a law that is not even enforceable until 2029 and does not apply to Defendant's product. **<u>Plaintiff's First Amended Complaint was wrought with legally and factually baseless allegations that RiseWell misrepresented that the product was safe</u>**.

Further, on the face of Plaintiff's First Amended Complaint, B&F entirely failed to cite to any regulatory threshold applicable to cosmetic toothpaste products. Instead, counsel misdirected this Court away from the applicable regulations which govern cosmetic toothpaste and instead asked this Court to apply a drinking water standard goal for 2029, which is not yet the law, and which no regulatory body has indicated will ever apply to a cosmetic product. In no authority cited by counsel in support of the multiple complaints filed by B&F did counsel cite a single authority that RiseWell's tube toothpaste product failed any applicable safety or regulatory standard. B&F asked this Court to ignore the applicable law and impose liability under a far more stringent standard applicable to drinking water, which, based on the articles cited by counsel, are not even enforceable until 2029.

Either B&F failed to conduct a reasonable inquiry and do actual research into the articles they cited in support of the First Amended Complaint, or even worse, deliberately misstated the applicable law. A reasonable inquiry would have shown that unlike food and/or water, non-fluoride toothpaste is regulated as a cosmetic. If B&F had conducted a reasonable investigation or fully read the sources that they cited themselves, B&F would have learned that there is California threshold for PFAS *intentionally added* to cosmetics of 100ppm. However, there are no allegations that RiseWell intentionally added PFAS to its product, so not even this threshold – which RiseWell's products meet, is applicable.

B&F provided no explanation as to why it was appropriate to file pleading after pleading when on the face of each and every pleading filed by B&F, counsel cited to an inapplicable and not-yet-enforceable drinking water standard. Further, there was no excuse for making defense conduct an inquiry into the substance and limits of the

articles cited in support of their allegations that RiseWell was deceptive, and that its product was "unsafe", as there was no circumstance where B&F's testing (including its withdrawn testing) even ***comes close*** **to 100 parts per million.** B&F's testing, even if accepted as true is in **the parts per *billion*.** Despite having all of the tests in their possession when the First Amended Complaint was filed, B&F continued to advance factually and legally unsupportable claims.

Further, **B&F repeatedly claimed that RiseWell knowingly misled consumers but failed to allege a single fact about RiseWell's purported knowledge when it made its supposed misrepresentations**. The Court explicitly warned B&F that it did not believe that the underlying facts supported Plaintiff's fraud claims. *See* ECF No. 36, Tr. 31:9-14 ("I have not heard anything, and I don't see anything that's in the complaint, that suggests that you believe the . . . defendants never tested their product or otherwise avoided obligations or requirements that they had to meet, or that they did test it, and they somehow hid results."). Notwithstanding the Court's express direction, B&F maintained its allegations regarding RiseWell's supposed knowledge. (*See* FAC ¶ 44 and ¶ 47.)

Finally, B&F continued to direct this Court and the public to testing data that its own laboratory walked back. By deposition, and then by letter dated June 6, 2025, Eurofins—withdrew the testing of Job No. 410-161174-9 and 410-161174-10 (the testing of lot 3E347A paste and tubing) as inaccurate. This letter was sent to B&F on June 6, 2025. [Dkt. 43-2 and 43-3]**.**

Shockingly, B&F then actually used those cut-and-pasted withdrawn tests as the basis for the First Amended Complaint when granted leave to amend by this Court. [Dkt. 35.] The First Amended Complaint. It states:

> "5. Alarmingly, three tests of three different lots of Defendant's Product conducted at a Department of Defense ELAP-certified laboratory, found PFAS chemicals present in the Product. The first lot tested contained **188.27 parts per billion of PFAS chemicals**. The second lot tested contained 319.1 parts

per billion of PFAS chemicals. The third lot tested contained 970 parts per trillion of PFAS chemicals." (FAC. Para. 5.)

A court may assess attorney's fees and costs when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. See Hall supra at 5. Further, in violation of FRCP 11, no reasonable attorney could have concluded that the causes of action against RiseWell, based on inapplicable law and alleged without factual support, were well founded. Because B&F vexatiously continued litigation against RiseWell with no factual or legal basis, sanctions in the form of attorney's fees and costs are warranted.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests this Court award costs and award attorney's fees and costs to Defendant as sanctions against B&F.

DATED: December 9, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Catherine A. Naltsas*
**CATHERINE A. NALTSAS**
**TAMARA M. HEATHCOTE**
Attorneys for Defendant RISEWELL LLC dba RISEWELL