**Pages 1 - 11**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Noël Wise, Judge

ALANA WATKINS, Plaintiff,

vs.

RISEWELL, LLC, Defendant.

**NO. 5:24-CV-07455-NW**

San Jose, California
Wednesday, April 29, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:

BURSOR & FISHER, P.A.
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596

**BY: L. TIMOTHY FISHER**
**JOSHUA B. GLATT**
**JOSHUA R. WILNER**
**ATTORNEYS AT LAW**

For Defendant:

LYNBERG & WATKINS
1150 South Olive Street, Suite 18th Floor
Los Angeles, CA 90015

**BY: CATHERINE A. NALTAS**
**ATTORNEY AT LAW**

REPORTED REMOTELY BY: Stephen W. Franklin, RMR, CRR, CPE
Official United States Reporter

**Wednesday - April 292, 2026 9:53 a.m.**

**P R O C E E D I N G S**

---o0o---

**THE COURTROOM DEPUTY:** Now calling 24-CV-07455, Watkins versus RiseWell, LLC. Counsel, please approach the podium and state your appearance for the record.

**MR. FISHER:** Good morning, Your Honor. Timothy Fisher of Bursor & Fisher, for plaintiff Alana Watkins.

**MS. NALTAS:** Good morning, Your Honor. Catherine Naltas for defendant RiseWell.

**THE COURT:** Thank you.

Is there anybody else you just want to indicate for purposes of appearances?

**MR. FISHER:** Sure, Your Honor.

With me today are my colleagues, Joshua Glatt and Joshua Wilner from my firm, as well.

**THE COURT:** Thank you.

**MS. NALTAS:** None over here.

**THE COURT:** All right. This is the request for attorney's fees. I am familiar with the papers and the underlying issues, but with that you should feel free to begin.

**MS. NALTAS:** Thank you, Your Honor.

So in sum, we're looking for our costs as the prevailing party under Rule 41, and then with the Court's inherent power to impose attorney's fees, we've requested approximately

$140,000 in fees that were incurred by my client to file multiple Rule 12 motions, multiple -- we served and prepared multiple motions under Rule 11, went back and forth with counsel, and ultimately this was dismissed with prejudice. And as a result, our client is the prevailing party for the purposes of costs and for the purposes of fees.

The Court had indicated in her order that she may be inclined to grant fees after June of 2025. We are requesting fees going back to the inception of this action in this court, but we did prepare a renewed motion for attorney's fees on those grounds.

**THE COURT:** This might be a little unconventional, but I'm going to start not then with the argument. I'm going to start with, you know, I suspect when all of this is done, unless I hear something that's substantially different than from what was in the briefs, I think the Court is inclined to end up with something that's not going to make either party happy, right. The defense is not going to get everything that it wants from the inception, and the Court is likely to impose fees with a bunch of carve-outs for that, you know, including from around the time I had referred to before. There was a motion where there was an issue with a meet and confer where it had to be, you know, redone. So with some carve-outs around that, that's where the Court is likely to land.

And it makes me curious whether counsel has had more time

or taken more opportunity to see if you can resolve this issue outside of the e-mail communications that were provided to the Court in conjunction with this briefing.

**MS. NALTAS:** We have had no further discussions, Your Honor.

**THE COURT:** I have a whole other hearing that I can listen to. I don't know if you have all the right people in the room, but would it be useful to you to step outside and to talk for a little bit about this? I mean, at the end of the day the Court's going to make a ruling, and so I will do that if you aren't able to reach an agreement. But what I will tell you is that, you know, I always think that it is better for the parties to reach an agreement on their own if they can. It would also prevent there from being, if there's going to be further litigation in all of this, that it sort of nips that in the bud.

And so if it's something you would like, I will give you time. I will hear the other case, and then as soon as you come back in you either have a resolution or you don't, and we can move to the substance of the hearing at that juncture and the Court can issue an order, or I'm fine to go forward right now. And it's not a sign of weakness, right, to be willing to talk.

But is that something you would like to do?

**MS. NALTAS:** I'm going to defer to plaintiff's counsel. We had sent several meet and confers and didn't hear

back, so I don't know if it would be fruitful or not.

**MR. FISHER:** But Your Honor's last order sort of said what Your Honor just said, that the parties oughta make an effort to resolve this. And I think Your Honor may have seen in the papers that were submitted in this motion we made a proposal to them and they rejected it. They didn't counter, they didn't say, no, this is what we think. They just rejected it out of hand.

So I'm not quite sure where I'm supposed to go in terms of negotiating it.

**THE COURT:** Well, I guess what I would say to you, the one piece of information that maybe both sides have with more clarity is what I said, which is I don't think at the end of this hearing either party's going to be entirely happy. You could be not entirely happy but have a resolution and really be done with this, or you can put it to the Court, and then the Court will simply make a decision and issue an order accordingly.

But I'm not trying to overly put pressure on you. This is a very limited issue, and those fees are pretty easy, I think, to figure out what they are within those parameters.

**MR. FISHER:** Your Honor, there may be a practical issue that Ms. Naltas may have, which is I suspect she may need some authority from her client to reach a resolution, and her client isn't here. And so maybe she has authority, I don't

know, but it might be that there might be some value in putting this matter over for a couple weeks and allow us to do this offline. Order us to meet and confer, see if we can reach a resolution, and then, but with a date where we're coming back to see Your Honor if we don't reach a resolution in a couple weeks.

I'm happy to try here, but I'm wondering if there's practical obstacles to us getting it resolved. Because my response is going to be to Ms. Naltas is, okay, what's your proposal in light of the Court's comments, and then we try to go back and forth as quickly as we can. But it may be that that's difficult just practically as we sit here.

**THE COURT:** Do you -- are you in a position where you could go have a conversation right now?

**MS. NALTAS:** I am in a position.

**THE COURT:** So here's what I would suggest in light of this. Why don't you step out and see if you can make some progress. Even if you can't get there right now but think you might be able to with a week, you can come back in and say, we've agreed that we're going to try to work it out and we'd like to come back before you in a week or so, and I'll just set the hearing right now, you know, for that period of time, or not, and we'll just finish this hearing today and the Court will issue an order. So ...

**MS. NALTAS:** I think given counsel's representation

and the Court's inclination to give us a week, that may make sense for us to just do that now and not come back to the Court today. And we can have further discussions, and then if we don't reach a resolution, the Court can issue her order.

**THE COURT:** Is that fine?

**MR. FISHER:** That's certainly fine, Your Honor.

**THE COURT:** I need to take a look and see whether it would really be a week or not based on our schedule, but let me just be clear about a couple of things that might help.

I haven't had the benefit of all of your arguments, but I do have the benefit of all of your briefing. I interpreted the briefing from the plaintiff to largely be, you know, we were justified, we still think we were justified. Whatever opinions the Court may have about the underlying merits, the Court has already articulated in, both on the bench previously and in prior hearings and to some degree in the orders that it has already made here. I just, I don't think that that ultimately moved the needle.

I understand why the plaintiffs are making that argument. I think it's an argument essentially they have to make given the parameters of what's currently before the Court. But barring there being something new that the Court were to hear, I do just want to be clear that although I know that what the defense wants is fees all the way going back to when this case began. How meritorious this case was or what the basis was to

really believe in it and what was there, doesn't necessarily take a lot to initiate a case. Reasonable minds here might differ about whether it was in good faith, but I think that I am not as concerned about what happened at the beginning. What I am concerned about is once we had a hearing, the Court articulated the concerns that it had, what the plaintiffs decided to do about it at that juncture and at least briefly continuing this case under those circumstances. That would inform the Court's thinking about attorney's fees and when they would begin, along the lines of what I had said the last time around.

That doesn't mean that 100 percent of every fee since then would be something that would be recoverable. For example, what I just noted, which is that there was an issue on the meet and confer before the motion that is before this Court, meaning I assume some number of hours went into filing it the first time. It may have abbreviated the number of hours that it was required to do at the second time, but that would be something that the Court would look at.

The other thing is the Court would be looking for, you know, an update through this hearing or beyond to get an understanding of what's left.

These are all things that the parties can negotiate around, and the one thing that I can't do is that if the Court imposes an order and one side doesn't care for it, which

sometimes happens, unless there's an agreement of the parties, everybody, you know, clients on both sides face potentially litigation, additional costs with that and additional risk through the appellate process. It's absolutely the parties' right to do that, but it comes with a lot more uncertainty here and a lot more potential cost.

So there are things that you can do that the Court cannot right now in terms of giving you -- giving you certainty about the outcome.

And so with that, I will do exactly what you've asked me to do. I will put this over. Hope that you can get there. If you do, I would ask that you inform the Court as soon as possible that you've reached a resolution. If you need me to hold a date just to be sure it's all been worked out beyond that, I can do that, too.

But I'm going to go off the record while we look at possible dates.

**MR. FISHER:** Could I propose something, Your Honor?

**THE COURT:** Sure. Do you want to be on the record to do that?

**MR. FISHER:** Whatever Your Honor wants is fine. It doesn't matter to me one way or the other.

But what I would propose is that you set a date a week from today for us to submit a status report to Your Honor, and that if we have an agreement we say, Your Honor, we have an

agreement, everything's done. And in not, then we will come back whenever Your Honor's available, you know, a week or so after, or whatever time Your Honor wants us to come back, to come back and do the argument and do all of that, if that's acceptable to counsel.

**MS. NALTAS:** That's fine.

**THE COURT:** Okay. So then the parties owe a joint update in the form of either a stipulation or the equivalent of sort of a joint case management statement as a status update about what's happening here. Today is the 29th. That means that it will be due by close of business on the 6th, May 6th. And I will set, just so I have a date and you have a date to know. So we have that date for next Wednesday.

All right. Back on the record. 9:00 o'clock on the 19th?

**MS. NALTAS:** Yes, Your Honor.

Thank you.

**MR. FISHER:** Fine, Your Honor.

Thank you.

**THE COURT:** To be clear, you know, if the parties end up reaching a full agreement on this, I won't made to see you. I'll just need an indication of the settlement with regards to it, or if there's something you want the Court to -- a stipulation with an attached order with it, we can do that, too. But I'll look forward to getting your update next week.

**MS. NALTAS:** Thank you.

**MR. FISHER:** Thank you, Your Honor.
**THE COURT:** All right. Best of luck to you.
(Proceedings concluded at 10:08 a.m.)

---o0o---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Wednesday, May 6, 2026

Stephen W. Franklin, RMR, CRR
Official Reporter, U.S. District Court